**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

**THERESA B. VANHORN,**

          **Plaintiff,**

**-vs-**　　　　　　　　　　　　　　　　　　　　**Case No.  6:07-cv-1696-Orl-22DAB**

**BEHAVIORAL SUPPORT SERVICES, INC.,**

          **Defendant.**

_____

## ORDER

This cause came on for consideration without oral argument on the following motion filed herein:

> **MOTION:** **MOTION FOR RECONSIDERATION (Doc. No. 23)**
>
> **FILED:** **February 25, 2008**
> _____
>
> **THEREON** it is **ORDERED** that the motion is **DENIED**.

The motion seeks reconsideration of the Court's Order denying, without prejudice, defense counsel's motion to withdraw. Counsel appears to be under the impression that because his client has terminated his services, this Court *must* allow him to withdraw. Counsel is mistaken.

Initially, counsel takes issue with the Court's observation that "it appears that the Defendant no longer wishes to engage the services of defense counsel" and that the motion "does not indicate that withdrawal is absolutely compelled by ethical considerations." Counsel now states that there is nothing apparent about it: he has been terminated by the client. The Court assures counsel that the use of the word "appears" was not a finding that the Court doubted his termination. Rather, the Court

was reacting to the acknowledgment by counsel that he did not know why he was terminated. *See* Doc. No. 21, allegation 2. Moreover, the Court disagrees with counsel's contention that a client's termination of an attorney's services for unknown reasons equals an ethical consideration mandating withdrawal.

A motion to withdraw is not self-executing. Indeed, Local Rule 2.03(b) clearly provides that no attorney shall abandon the case or withdraw as counsel except by written leave of court. Here, counsel contends that he was ethically obligated to make such a motion, following termination of his services by the client, and the Court does not necessarily disagree. At issue, however, is not whether the attorney is ethically compelled to file such a motion, but whether the Court is compelled to grant it. Here, it is not.

The Rules Regulating the Florida Bar provide, in part:

(a) **When Lawyer Must Decline or Terminate Representation**. Except as stated in subdivision (c), a lawyer shall not represent a client or, where representation has commenced, shall withdraw from the representation of a client if:
(1) the representation will result in violation of the Rules of Professional Conduct or law;
(2) the lawyer's physical or mental condition materially impairs the lawyer's ability to represent the client;
(3) the lawyer is discharged;
(4) the client persists in a course of action involving the lawyer's services that the lawyer reasonably believes is criminal or fraudulent, unless the client agrees to disclose and rectify the crime or fraud; or
(5) the client has used the lawyer's services to perpetrate a crime or fraud, unless the client agrees to disclose and rectify the crime or fraud.

\* \* \*

c) **Compliance With Order of Tribunal**. A lawyer must comply with applicable law requiring notice or permission of a tribunal when terminating a representation. *When ordered to do so by a tribunal, a lawyer shall continue representation notwithstanding good cause for terminating the representation.*

Rule 4-1.16, Rules Regulating The Florida Bar (emphasis added). As is clear, the ethical rules specifically contemplate that the governing tribunal has final say over whether an attorney may withdraw. Here, the Court determined that withdrawal was not appropriate.

While not always the case, it is generally true that if substitute counsel appears or if Defendant were an individual who could appear *pro se*, a motion to withdraw based on similar facts would likely be granted. *See* Local Rule 2.03(c) ("If a party discharges an attorney it shall be the responsibility of that party to proceed *pro se* or obtain the appearance of substitute counsel . . ."). As Defendant is *not* a person, however, a *pro se* appearance is not allowed and granting the motion, absent substitute counsel, is the equivalent of rendering Defendant voiceless in this proceeding; a situation that often results in delay and difficulties for the Court and opposing counsel, and, if not timely remedied, in default for the corporation. As counsel did not articulate a basis other than mere termination (which could be for any reason or no reason), and the consequences of withdrawal are severe, the Court was well within its discretion to deny the motion.

As is clear from the Rules, counsel suffers no ethical dilemma in continuing the representation, if, as here, he is ordered to do so by a court. *See Boudreau v. Carlisle,* 549 So. 2d 1073 (Fla. 4th DCA 1989) (criminal case -- no ethical violation to continue representation when so ordered, despite the existence of a conflict); *Billings, Cunningham, Morgan & Boatwright, P.A. v. Isom,* 701 So.2d 1271, 1272 (Fla. 5th DCA 1997) ("Rule 4-1.16(c) contemplates the situation like this in which a trial court has the authority to order continued representation, even when potential ethical conflicts are presented."). It is worth noting that the motion was denied without prejudice, and the Court specifically addressed counsel's concerns regarding his inability to comply with scheduling orders and other court-imposed obligations, by noting: "To the extent Mr. Finnigan is unable to fulfil duties

mandated by the rules and scheduling order due to his revoked authority, any adverse consequences would be attributable to the client and not counsel." (Doc. No. 22).  As such, counsel's concern regarding his reputation is unfounded.  The Court is mindful that the circumstances of the case are likely to make it impossible for counsel to respond to scheduling requirements, which may result in Plaintiff seeking relief (perhaps even a default).  Such a result does not reflect on counsel so long as he has kept his erstwhile client informed of the proceedings and *its* responsibilities and maintains his candor about his inability to respond substantively.  The Defendant's failure to abide by obligations to its own counsel should not be permitted to prejudice the Plaintiff or slow the progress of the case.  The motion to reconsider is **denied.**

      **DONE** and **ORDERED** in Orlando, Florida on February 27, 2008.

*David A. Baker*

      DAVID A. BAKER
      UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Counsel of Record