# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

THERESA B. VANHORN,

              **Plaintiff,**

-vs-                                       **Case No.  6:07-cv-1696-Orl-22DAB**

BEHAVIORAL SUPPORT SERVICES,
INC.,

              **Defendant.**

_____

## ORDER

      This cause came on for consideration without oral argument on the following motion filed

herein:

| |
|---|
| **MOTION:**    **MOTION TO COMPEL (Doc. No. 40)** |
| **FILED:**      **October 1, 2008** |
| _____ |
| **THEREON** it is **ORDERED** that the motion is **GRANTED**, in part. |

      Three discovery requests in this ERISA action for recovery of Plan benefits are at issue.

      INTERROGATORY NUMBER ONE: Identify all information which
supports Paragraph 31 of Plaintiff's First Amended Complaint.

      ANSWER: Plaintiff objects to Interrogatory No. 1 on the grounds that
Defendant's request is a contention request that is overbroad and
oppressive.

      Paragraph 31 of Plaintiff's First Amended Complaint reads, in its entirety, "Defendant was

the Sponsor and/or administrator of the Plan." (Doc. No. 2).  Defendant, in its Answer, has denied this

allegation, thus putting the matter at issue.  Although Plaintiff cites to the Middle District Discovery

Handbook (2001 edition) ("the Handbook") as stating that contention interrogatories are "improper

because they are overbroad and oppressive," counsel neglects to note that the Handbook does *not* prohibit their use, noting only that they should be used sparingly, to target claims that the propounding attorney reasonably suspects may be subject to early dismissal or resolution. Handbook, at 16.  Here, Defendant is not seeking "a detailed narrative of Plaintiff's case," it is only seeking the factual basis of a specific, limited allegation.  There is nothing overbroad or oppressive about the Interrogatory.

Moreover, even if the Interrogatory was somehow interpreted as being overbroad, that is *not* an excuse to fail to supply an answer, as here.  Indeed, the Handbook relied upon by Plaintiff provides that "[i]f any interrogatory is objectionable because of overbreadth, the responding party, although objecting, must answer the interrogatory to the extent that the interrogatory is not overbroad.  In other words, an objection for overbreadth does not relieve the duty to respond to an extent that is not overbroad. . ." Handbook at 17.  Plaintiff could and should have provided a response, to the extent she has a factual basis for the allegation.

> INTERROGATORY NUMBER TWO: Identify all documents
> regarding Defendant being the sponsor and/or administrator of the health
> insurance plan, covering Plaintiff in October 2005.
>
> ANSWER: Plaintiff objects to Interrogatory No. 2 on the grounds that
> Defendant's Request is overbroad, vague, and is seeking information
> which is irrelevant, immaterial and not calculated to lead to discovery of
> admissible evidence.

This Interrogatory merely restates Interrogatory One in that it seeks the same information. Although the Interrogatory could properly be objected to as cumulative, Plaintiff made no such objection, but asserted that the Interrogatory was overbroad, vague, irrelevant and immaterial.  As above, it is none of those things, and Plaintiff should have answered it.

> INTERROGATORY NUMBER THREE: Identify, with specificity all
> damages suffered by Plaintiff as a result of her alleged loss of insurance.
>
> ANSWER: Plaintiff objects to Interrogatory No. 3 on the grounds that

Defendant requests that Plaintiff "[i]dentify, with specificity all damages…" places a burden greater on the Plaintiff than that required by the law. *Hairston v. McLean Trucking Co.*, 520 F.2d 226, 233 (4th Cir. 1975)(unrealistic exactitude is not required for back pay); *Akouri v. State of Fla. Dept. of Transp.*, 408 F.3d 1338, 1343 (11th Cir. 2005)(back pay can be based on a "just and reasonable inference); see *Merill v. Waffle House, Inc.*, 227 F.R.D. 467, 470 (N.D. Tex. 2005)(damages that are not readily quantifiable, and for which a Plaintiff does not intend to ask a jury for specific dollar amount, need not be specifically computed).

Plaintiff's objection is overruled. The only remaining cause of action is for recovery of Plan Benefits under ERISA.[1] The Amended Complaint asserts that Plaintiff was damaged by the cancellation of her health insurance, "including, inter alia, loss of use of her funds and substantial medical bills due to no insurance coverage being afforded to plaintiff." (Allegation 47). The instant Interrogatory seeks to identify the damages she alleges. Plaintiff's contention that she is not required to itemize back pay is irrelevant. Plaintiff did not plead a cause of action in this count for loss of back or front pay; she sues, under 29 U.S.C. § 1132(A)(1)(B) for "recovery of plan benefits" and for damages resulting from the cancellation of her health insurance.[2] She is required to provide a computation of her damages by Rule 26, Federal Rules of Civil Procedure. There is nothing inappropriate or objectionable about the Interrogatory.

Plaintiff's objections are **overruled.** The motion to compel is **granted, in part.** Plaintiff is **ordered** to answer the Interrogatories within 11 days of the date of this Order. The request for an award of attorney's fees is denied. Plaintiff is advised, however, that the Court will not hesitate to

---

[1] The District Judge remanded Count One, for handicap discrimination in employment under state law, to the state court (Doc. No. 36).

[2] Section 1132(a)(1)(B) allows a participant or beneficiary to bring a civil action "to recover benefits due to him under the terms of his plan, to enforce his rights under the terms of the plan, or to clarify his rights to future benefits under the terms of the plan."

sanction Plaintiff or counsel in the future, if they are found to needlessly obstruct or hinder the orderly

flow of discovery.

      **DONE** and **ORDERED** in Orlando, Florida on October 8, 2008.

*David A. Baker*

DAVID A. BAKER
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Counsel of Record