# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

**THERESA B. VANHORN,**

        **Plaintiff,**

**-vs-**        Case No. **6:07-cv-1696-Orl-22DAB**

**BEHAVIORAL SUPPORT SERVICES, INC.,**

        **Defendant.**

_____

## ORDER

This cause came on for consideration without oral argument on the following motion filed herein:

> **MOTION:** **MOTION FOR JOINDER (Doc. No. 38)**
>
> **FILED:** September 3, 2008
>
> **THEREON** it is **ORDERED** that the motion is **DENIED**.

The motion is docketed as a "Motion for Joinder" but is entitled "Motion to Dismiss for Failure to Join an Indispensable Party or Alternatively Amend Plaintiff's Complaint to Join a Party." At the heart of the motion is Defendant's contention that, despite Plaintiff's allegations to the contrary, Defendant is not Plaintiff's employer; rather, Niloc Staffing Leasing, Ltd. is. Defendant contends that, for purposes of this ERISA action, Niloc must be joined under Rule 19, Federal Rules of Civil Procedure, or the Court should dismiss the action under Rule 41(2)(b).[1] The Court is unpersuaded.

---

[1] There is no such rule. The Court assumes Defendant is referring to Rule 41(b), Federal Rules of Civil Procedure (2008).

In the first instance, the motion is untimely. The Case Management and Scheduling Order provides that motions to add parties were due by May 30, 2008. No motion for extension was filed and no good cause is present to justify the seriously belated request. On the merits, there is no showing that Niloc is a necessary, let alone "indispensable" party, nor that dismissal is warranted.

"Counsel, courts and commentators have widely adopted by convention the terminology labeling persons whom the court determines must be joined if feasible as "necessary," and those necessary persons whose joinder is not feasible and in whose absence the court determines an action cannot proceed as "indispensable." *BFI Waste Systems of North America, Inc. v. Broward County, Fla.,* 209 F.R.D. 509, 514 (S.D. Fla. 2002) (*citing Challenge Homes*, *Inc. v. Greater Naples Care Center, Inc.*, 669 F.2d 667, 669, n. 3 ; 4 (11th Cir. 1982) and James W. Moore, Moore's Federal Practice § 19.02[2][c] (3d ed.2002).) The burden is on the moving party to establish that a person is necessary or indispensable. *Id.*

Defendant relies on Rule 19, which provides, in part:

(a) Persons Required to Be Joined if Feasible
(1) *Required Party.* A person who is subject to service of process and whose joinder will not deprive the court of subject matter jurisdiction must be joined as a party if:
(A) in that person's absence, the court cannot accord complete relief among existing parties; or
(B) that person claims an interest relating to the subject of the action and is so situated that disposing of the action in the person's absence may:
(i) as a practical matter impair or impede the person's ability to protect the interest; or
(ii) leave an existing party subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations because of the interest.

Rule 19, Federal Rules of Civil Procedure (2008).

Applied here, pursuant to the first prong of the Rule, the Court must join Niloc only if it cannot provide complete relief *with respect to Plaintiff and Defendant.* Here, Defendant contends that Plaintiff is suing the wrong entity. Even if the Court were to credit Defendant's unsworn contentions as conclusive evidence that it is, in fact, not the employer and not the plan administrator or sponsor

of any health insurance plan covering Plaintiff, it would not need to join the alleged *true* employer in order to adjudicate the claim against *Defendant*. It is enough for Defendant to establish, if it can, that Plaintiff has no basis for her assertion that this Defendant is liable.

As for the second prong, there is no showing that adjudicating Plaintiff's claim against *this* Defendant would "impair or impede" Niloc's ability to protect its interest nor that Defendant would be subject to a substantial risk of incurring double or inconsistent obligations due to Niloc's interest. If Plaintiff is correct, then Niloc has no legal interest to impair in this litigation, as it is not alleged to be the employer nor the plan administrator. If Defendant is correct, and Niloc is the employer or plan administrator and Defendant is a stranger to the cause of action, then Niloc's interest is not impaired by Plaintiff's suit against the "wrong" (according to Defendant) party. Absent a showing sufficient to establish collateral estoppel, judgment in favor of Plaintiff does not bind Niloc, a non-party; nor is Niloc absolved if Defendant prevails. Niloc's interest (whatever it might be) remains, either way. *See Challenge Homes, supra.*

Nor is the final prong of the Rule met. To the extent Defendant asserts a possibility that it could be held liable under a "co-employer" theory and that liability should be "shared" by Niloc, this is not a "double" obligation, and any right that Defendant has against Niloc (for contribution or otherwise) should have been asserted via a third party complaint under Rule 14(a), not compulsory joinder. The Court concludes that Niloc is not a necessary party, under the Rule. As it is not necessary to join Niloc, it is not an indispensable party, and no grounds exist to dismiss the action, due to its absence. The motion is **denied.**

**DONE** and **ORDERED** in Orlando, Florida on October 20, 2008.

*David A. Baker*
DAVID A. BAKER
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Counsel of Record